UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| SCARLET INFOTECH, INC. | §  Case No. 21-33094 |
| | § |
| Debtor. | §  (Chapter 7) |

APPLICATION TO EMPLOY
PORTER HEDGES LLP AS COUNSEL TO THE TRUSTEE

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, chapter 7 trustee for the estate of Scarlet Infotech, Inc. (the "Trustee"), files this Application to Employ Porter Hedges LLP ("PH") as her counsel.

### Introduction

1. The Trustee desires to employ PH as her counsel in this case on an hourly fee basis. The employment of PH is required at this time to assist the Trustee in recovering and liquidating the estate's assets, reviewing and analyzing claims filed against the estate, and investigating other sources of recovery for the estate including potential litigation claims and causes of action.

**Appropriateness of Retention**

2. The Trustee requests authority to employ PH pursuant to 11 U.S.C. §§ 327 and 330. Employment of professionals is governed by 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. Specifically, 11 U.S.C. § 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

3. PH does not hold an "interest adverse" to the estate as it does not possess any economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant. *See, e.g., In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994). Additionally, PH and its professionals are disinterested persons as that term is defined in 11 U.S.C. § 101(14) in that PH, its shareholders, of counsel, and associates:

> (a) are not creditors, equity security holders, or insiders of the Debtor;
>
> (b) are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and
>
> (c) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

4. PH has not been retained to assist any entity or person other than the Trustee in this bankruptcy case. If the Court approves PH's proposed employment by the Trustee, PH will not accept any engagement or perform any service in this bankruptcy case for any entity or person other than the Trustee.

5. Federal Rule of Bankruptcy Procedure 2014(a) provides:

> The application [to employ a professional person] shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed

arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

6. In satisfaction of these requirements, the Trustee has included with this Application the Declaration of Joshua W. Wolfshohl, which is attached hereto and incorporated herein.

7. <u>Facts showing the necessity for the employment of counsel</u>: The Trustee needs general counsel in this case to assist with evaluation and recovery of estate assets, investigation potential causes of action, and, if necessary, objecting to certain creditors' claims and liens.

8. <u>The name of the person to be employed</u>: The Trustee desires to employ PH as her counsel in this case. PH maintains offices at 1000 Main Street, 36th Floor, Houston, Texas 77002. PH's main telephone number is (713) 226-6000. PH's fax number is (713) 228-1331. Joshua W. Wolfshohl will be designated to act as attorney-in-charge whom will be responsible for the representation of the Trustee.

9. <u>Reasons for the selection of counsel</u>: The Trustee has selected PH because its members have extensive experience in general bankruptcy matters, representation of chapter 7 trustees, commercial litigation, bankruptcy litigation and asset collection. The Trustee believes that PH can provide the estate with the required legal expertise to allow the Trustee to handle the litigation of the estate's claims effectively and prudently and assist with the liquidation of the estate's assets. Joshua W. Wolfshohl of PH will be designated as attorney-in-charge and will be responsible for the representation of the Trustee by PH as set forth in this Application. Mr. Wolfshohl is admitted to practice before all courts in the Southern District of Texas and the Fifth Circuit Court of Appeals. Mr. Wolfshohl has significant experience in handling matters of this type. The Trustee has selected Mr. Wolfshohl because of his prior experience and specialization

in insolvency law and commercial litigation, including the representation of trustees in numerous litigation matters; the filing and prosecution of hundreds of estate causes of action, including claims for preferential transfer, fraudulent transfer and breach of fiduciary duty; and the successful prosecution of multiple litigation matters.  The Trustee believes that Mr. Wolfshohl and PH are well qualified to represent the Trustee.

10. <u>The professional services to be rendered</u>:  PH will render professional services including, but not limited to:

- Assisting the Trustee in investigating, gathering and liquidating the estate's assets;

- Assisting the Trustee in analyzing potential litigation claims of the estate, including unauthorized pre-petition transfers of the Debtor's property by third parties;

- Advising the Trustee with respect to the rights and remedies of the estate's creditors and other parties in interest, including the review of proofs of claim;

- Conducting appropriate examinations of witnesses, claimants and other parties in interest;

- Preparing all appropriate pleadings required to be filed in the main bankruptcy case;

- Representing the Trustee in all proceedings before the Court and in any other judicial or administrative proceeding in which the rights of the Trustee or the estate may be affected; and

- Performing any other legal services which may be appropriate in connection with the liquidation of the estate and representation of the Trustee.

The Trustee reserves the right to seek amendments to the order approving this Application as may be necessary or appropriate to expand the services to be rendered by PH.  The Trustee reserves the right to employ PH or other attorneys as special counsel to pursue certain litigation on a contingency fee or other alternative fee structure.

11. <u>Proposed Arrangement for Compensation</u>:  Subject to Bankruptcy Court approval, the Trustee desires to compensate PH on an hourly fee basis in accordance with its customary billing practices.  PH has not received any funds from the debtor, the Trustee or any other party in

this case. In the attached declaration, PH has identified the amount and source of compensation to be paid to PH for services rendered in connection with the representation of the Trustee in this case. PH will submit fee applications in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the rules of this Court. PH's current hourly rates are as follows:

| Category of Service Provider | Low/High |
|---|---|
| Partners | $500/795 |
| Of Counsel | $330/750 |
| Associates/Staff Attorneys | $330/500 |
| Paralegals | $230/295 |

12. PH's hourly rates are set at a level designed to compensate PH fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first PH fee application following such adjustments) and are consistent with the rates charged elsewhere. PH may increase its rates yearly.

13. <u>Connections to this case</u>: PH has not represented the Debtor prior to or during this bankruptcy case. PH represented the Trustee in multiple other cases in which she has been appointed as a trustee. Except as set forth above and in the attached declaration, PH has no other connection with the debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee and are "disinterested persons" within the definition of Section 101(14) of the Bankruptcy Code on the matters for which it is to be engaged as counsel. *See* Attached Declaration.

Accordingly, the Trustee requests that the Court approve the retention of PH as counsel as set forth above and for such other relief as is just.

**Dated: October 26, 2021.**

Respectfully submitted,

By: */s/ Allison D. Byman*
Allison D. Byman
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 7781
**Chapter 7 Trustee**

and

**PORTER HEDGES LLP**

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

*Proposed Counsel for the Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, pursuant to Bankr. R. 2014, this instrument was served by United States first class mail, with proper postage affixed to the parties listed below and by electronic transmission to all registered ECF users appearing in the case on October 26, 2021.

United States Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002

Kyung Shik Lee
Parkins Lee & Rubio LLP
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: kslee50@gmail.com

Allison D. Byman
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
Email: adb@bymanlaw.com

                                            */s/ Joshua W. Wolfshohl*
                                            Joshua W. Wolfshohl